**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARAK WILLIAMS, | : | Civil No. 1:25-CV-01446 |
| Plaintiff, | : | |
| v. | : | |
| DR. WAYNE ROSS, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is the report and recommendation of Chief Magistrate Judge Daryl F. Bloom recommending that Plaintiff's complaint be dismissed without prejudice. (Doc. 8.) Plaintiff timely filed objections to the report and recommendation. (Doc. 9.) For the reasons that follow, the court will overrule Plaintiff's objections, adopt the report and recommendation, and dismiss this action without prejudice.

## STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may

also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

**B. Screening of *Pro Se* Complaints**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Plaintiff Darak Williams ("Williams") filed this action against Dr. Wayne Ross, a forensic pathologist who testified at Williams' criminal trial in 2011. (Doc. 1.) Williams was convicted of first-degree murder at the conclusion of that bench trial. (*Id.*) In his complaint, Williams alleges that his due process rights were violated by Dr. Ross's false or misleading testimony at trial. (*Id.*) In the report and recommendation, Chief Judge Bloom states that "two days after Williams filed this action, the Pennsylvania Superior Court granted Williams' appeal from the denial of his Post-Conviction Relief Act ("PCRA") petition and remanded the matter to the trial court to allow Williams to file an amended PCRA petition." (Doc. 8, p. 2.)[1] Given this development, the report and recommendation suggests dismissal of this action without prejudice based on *Younger* abstention as Williams' state criminal matter is ongoing. (*Id.* at 6–8.)

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

In his objection, Williams does not dispute that *Younger* applies here. (Doc. 9.) Instead, he submits that this case should be stayed rather than dismissed. (*Id.* at 2–3.)

The court has reviewed the cases cited in the report and recommendation as well as in Williams' objections. When *Younger* abstention applies in quasi-criminal civil enforcement proceedings, courts stay the federal action. *See Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023). But when applying *Younger* abstention to claims that arise out of an ongoing criminal proceeding, courts typically dismiss the action without prejudice to the plaintiff refiling upon the conclusion of the state proceedings. *See Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015); *Zahl v. Warhaftig*, 655 F. App'x 66, 71–72 (3d Cir. 2016). The court will adopt that approach here and dismiss this action without prejudice to Williams refiling this action upon the completion of his state criminal proceedings.

## CONCLUSION

For the reasons stated herein, the court will overrule Plaintiff's objection, adopt the report and recommendation, and dismiss this action without prejudice. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 28, 2026